IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00237-MR-WCM

| | |
|---|---|
| JAIMIE ISIAH BROWN and JESSICA BROWN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     ORDER<br>)<br>) |
| THE UNITED STATES OF AMERICA and EVA L. MORGENSTERN, M.D., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on the United States' Unopposed Motion to Substitute (the "Motion to Substitute," Doc. 5) and Unopposed Motion for Extension of Time to Answer or Otherwise Respond to the Complaint (the "Motion to Extend," Doc. 7).

I.     Relevant Background

On September 12, 2024, Plaintiffs filed a Complaint against the United States of America and Eva L. Morgenstern, M.D. asserting claims for medical malpractice and "corporate/administrative negligence" pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.. Doc. 1.

On October 28, 2024, the United States filed the Motion to Substitute, a supporting memorandum, and the Motion to Extend. Docs. 5, 6, 7. Attached to

1

the supporting memorandum is a "Certification of Scope of Employment" from the United States Attorney for this district which states that "with respect to the events alleged in the Complaint, which allegations are denied for purposes of assessing liability, Defendant Eva L. Morgenstern, M.D., an employee of the United States Department of Veteran Affairs, was at all relevant times acting within the course and scope of her federal employment." (the "Certification," Doc. 6-1).

Both the Motion to Substitute and the Motion to Extend are unopposed.

## II. Discussion

Generally, when a plaintiff brings a civil action against a federal employee in a United States district court, if the Attorney General certifies that the employee was acting within the scope of his or her employment at the time of the incident out of which the claim arose, the action is deemed to be one brought against the United States, and the United States is substituted as the party defendant. 28 U.S.C. § 2679(d)(1); see also McAdoo v. United States, No. 1:14CV239, 2015 WL 4757266, at *4 (W.D.N.C. July 8, 2015), report and recommendation adopted, No. 1:14-CV-00239-MOC, 2015 WL 4757284 (W.D.N.C. Aug. 12, 2015). The United States Attorneys are authorized by regulation to issue such certifications on behalf of the Attorney General. Gutierrez de Martinez v. Drug Enf't Admin., 111 F.3d 1148, 1152 (4th Cir. 1997) (citing 28 C.F.R. § 15.3(a) (1996)); see also Jamison v. Wiley, 14 F.3d 222,

227 at n. 3 (4th Cir. 1994).

Here, Plaintiffs have not contested the Certification and do not oppose the Motion to Substitute. See Maron v. United States, 126 F.3d 317, 323 (4th Cir. 1997) ("the certification satisfies the government's prima facie burden…."); see also Gutierrez de Martinez, 111 F.3d at 1153 ("The Attorney General's certification is conclusive unless challenged.").

Therefore, the Motion to Substitute will be allowed.

Additionally, for the reasons set forth in the Motion to Extend, the United States will be provided additional time to respond to the Complaint.

**IT IS THEREFORE ORDERED THAT**:

1. The United States' Unopposed Motion to Substitute (Doc. 5) is **GRANTED**, and the United States is **SUBSTITUTED** in the place of Eva L. Morgenstern, M.D.

2. The United States' Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint (Doc. 7) is **GRANTED,** and the deadline for the United States to file an answer or otherwise respond to Plaintiff's Complaint is **EXTENDED** through and including **December 13, 2024**.

Signed: October 31, 2024

W. Carleton Metcalf
United States Magistrate Judge